***********
Having reviewed the entire record, the Full Commission reverses the opinion of the Deputy Commissioner and finds that plaintiff sustained an injury by accident on October 19, 1999.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Dennis Insurance Group was the carrier on the risk.
4. Plaintiff did not work on November 2, 3 and 4, 1999.
In addition, the parties stipulated into evidence the following:
1. Packet of medical records and reports with an index.
2. Two pages of wage information.
3. Six exhibits including Industrial Commission forms and copies of three photographs.
The Pre-Trial Agreement submitted by the parties is incorporated by reference.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff, who is forty-eight years old, began working for defendant employer on April 17, 1997. The company provided cleaning services at various locations, including the main commissary at Camp Lejeune. Plaintiff was hired as a custodian and his job duties included performing whatever cleaning activities were required. However, with experience, he became very proficient using the buffing machine. Consequently, he spent a significant percentage of his time operating that machine.
2. The buffing machine and other supplies and equipment were transported to the work locations in a truck, which had a hydraulic lift. Although the lift was raised and lowered mechanically, it first had to be lowered to a horizontal position since it was designed to fold flat against the back of the truck when not in use. The employees had to lower the upper edge of the lift manually until chains on the sides would stop it in a horizontal position. The lift was very heavy, weighing in excess of 200 pounds.
3. While performing his job duties, plaintiff regularly operated the lift in question. He alleges that he injured his back while lowering the lift on approximately October 19, 1999. He testified that the employee helping him lower the lift on that date did not bear as much of the weight as he did and that he had to handle most of the weight to keep the lift from falling. In doing so, he felt a strain or pull in his back with increasing soreness throughout the day.
4. The deputy commissioner did not find plaintiff's allegations to be credible, primarily because plaintiff did not report the lifting incident to his employer when it occurred and because plaintiff advised the nurse at the Onslow Memorial Hospital emergency room that he did heavy lifting at work but did not remember injuring himself. Nevertheless, the doctor's note on that date states, "Injured low back lifting." Plaintiff did tell his employer that he had hurt his back, was unsure what he had done to his back, but that he may have hurt it lifting on the truck. Furthermore, three days after the visit to the emergency room, plaintiff reported to his chiropractor Randy Schilsky, D.C., that he had experienced a pull or strain while lowering the truck lift with a co-employee and that he experienced increasing soreness throughout the day. This was basically the same description of the incident that he gave to the insurance claims adjuster on November 12, 1999. Plaintiff did not allege an unwitnessed injury, but stated that a co-worker was with him and that the co-worker did not carry her share of the weight in lowering the lift. Neither party offered the testimony of this co-employee.
5. On October 19, 1999, plaintiff sustained an injury by accident to his back. This injury arose out of and in the course of his employment and was the direct result of a specific traumatic incident of the work assigned.
6. The back condition for which plaintiff was treated beginning October 25, 1999, was the result of the injury he sustained on October 19, 1999.
7. Defendants orally stipulated on the record before the deputy commissioner that the only contested issue in the case was plaintiff's credibility as to the occurrence of an incident on a specific date. Defendants did not contest the time lost from work due to plaintiff's back condition or medical causation, should the alleged incident be found credible.
8. The pre-trial agreement states that the record contains wage information, but the only information regarding wages in the Commission's file appears on the employer's Form 19. The parties have not briefed the Commission on this issue.
9. Plaintiff seeks total disability benefits from October 28, 1999 through November 10, 1999; November 29, 1999 through December 13, 1999; and January 17, 2000, through May 5, 2000. The record in unclear as to the exact dates of total disability. For example, defendants contended at the hearing that employment record showed that plaintiff worked November 2, 3, and 4, which is during the time of total disability claimed. Plaintiff has not cited to the record for proof of the periods of wage loss claimed. On the other hand, defendants apparently do not contest the periods of total disability benefits claims.
10. The record is unclear as to the date of maximum medical improvement and any impairment rating to plaintiff's back. The parties have not briefed the Commission on these issues.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. Plaintiff's back condition for which he was treated beginning October 25, 1999, was due to an injury by accident arising out of and in the course of his employment with defendant-employer, and was the direct result of a specific traumatic incident of the work assigned on or about October 19, 1999. G.S. § 97-2(6).
2. Defendants are responsible for plaintiff's reasonable and necessary medical treatment and related expenses, to the extent such treatment tends to effect a cure, give relief or lessen plaintiff's period of disability, and subject to the provisions of G.S. § 97-25.1 This includes treatment provided by Schilsky Chiropractic Center, by Sean S-F Hsu, M.D., and by Onslow Memorial Hospital. G.S. § 97-25.
3. Defendants are responsible for plaintiff's lost wage benefits during his periods of total disability. G.S. § 97-29.
4. Defendants have not defended this case without reasonable ground, and plaintiff's is not entitled to recover attorney fees pursuant to G.S. § 97-88.1
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Subject to a reasonable attorney's fee approved herein, defendants shall pay plaintiff two-thirds of his average weekly wages for his periods of total disability. All amounts accrued shall be paid in a lump sum.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiff's period of disability, including medical treatment provided by Schilsky Chiropractic Center and by Sean S-F Hsu, M.D., and by Onslow Memorial Hospital.
3. A reasonable attorney's fee of 25% of the compensation awarded plaintiff in paragraph 1 of this Award is approved and shall be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
THE FULL COMMISSION FURTHER ORDERS AS FOLLOWS:
1. Within 15 days of the date of this Opinion and Award, defendants shall provide to Commissioner Riggsbee a completed Form 22 wage chart or a stipulation of the parties as to plaintiff's average weekly wage.
2. Within 15 days of the date of this Opinion and Award, the parties shall provide to Commissioner Riggsbee a stipulation as to periods of temporary total disability. If no stipulation can be reached, each party shall provide to Commissioner Riggsbee a concise brief or contentions on this issue.
3. The issue of the amount due, if any, to plaintiff for any permanent partial disability rating to his back is hereby RESERVED.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER